UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. DYE,<br><br>      Plaintiff,<br><br>v.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>      Defendants. | Case No.  16-cv-03942-DMR<br><br>**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Plaintiff Richard B. Dye filed an application for leave to proceed *in forma pauperis* ("IFP").  Plaintiff filed a declination to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  [Docket No. 8.]  Therefore, the court issues this Report and Recommendation and reassigns this case to a district judge for final disposition, with the recommendation that the IFP application be granted and that Plaintiff's complaint be dismissed without leave to amend.

## I.  DISCUSSION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and recommends that the application to proceed IFP be granted.

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If the

United States District Court<br>Northern District of California

United States District Court
Northern District of California

court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee.  This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

### A.  Plaintiff's Allegations

Plaintiff brings this action for claims arising out of the May 2003 revocation of his medical license.  He makes the following allegations in his complaint: the Medical Board of California ("Board") issued Plaintiff a medical license in 1996.  During the relevant time period, Plaintiff was an obstetrician/ gynecologist practicing in Half Moon Bay, California.  Compl. ¶ 5.  In July 2001, Plaintiff was acquitted in San Mateo Superior Court of criminal charges based on multiple patients' allegations that he had performed "inappropriate examinations."  *Id*. at ¶ 6.  Plaintiff alleges his "acquittal was based on trial testimony of all four patients impeaching their own allegations," as well as unrebutted testimony by prosecution and defense experts that "[P]laintiff's examinations were appropriate, did not depart from standards of care or practice, and did not constitute sexual misconduct, unprofessional conduct, or sexual abuse."  *Id*.

In March 2002, after Plaintiff's acquittal, the Board brought an "Accusation" against Plaintiff, seeking to revoke his medical license "based on the same patients, allegations, and related issues" in his criminal trial.  *Id*. at ¶¶ 7, 23.  Administrative Law Judge ("ALJ") Ruth Astle conducted Plaintiff's disciplinary hearing in August 2002.  *Id*. at ¶¶ 7, 25.  Plaintiff alleges that the criminal trial record was "incorporated by reference" in the Board hearing, and that Astle noted she was aware of Plaintiff's acquittal.  *Id*.  Following the hearing, Astle submitted a Proposed Decision recommending that the Board revoke Plaintiff's medical license.  Plaintiff alleges that Astle excluded all of Plaintiff's exculpatory evidence, including expert testimony, simply relabeling the Board's allegations as "Findings."  *Id*. at ¶¶ 26, 27; *see also id*. at ¶¶ 28-35.  The Board accepted her recommendation and revoked his medical license effective May 5, 2003.  *Id*. at ¶ 8.  Plaintiff alleges he filed timely appeals of the Board's decision, all of which were denied.  He

retired involuntarily in 2006. *Id* at ¶ 9.

Plaintiff alleges that in or around 2014, he discovered the "similar case" of physician Dr. Robert Sinaiko, whose medical license was revoked by the Board in 1998 after ALJ Astle recommended revocation but excluded all exculpatory evidence. *Id*. at ¶ 10. He alleges that Astle's acts "in falsely submitting two Proposed Decisions recommending revocation of both Dr. Sinaiko's license and [P]laintiff's license while excluding and concealing all their exculpatory evidence, demonstrates a pattern of behavior of callous indifferent to the evidence, and reckless disregard for the judicial process," which constitutes "a Fraud upon the Court by corruption of the judicial machinery that deprived Dr. Sinaiko and [P]laintiff of their fundamental 6th Amendment rights to a fair trial and fundamental 4th, 5th, and 14th Amendment rights to due process and property interest protections," which caused the "unlawful revocation of their licenses." *Id*. at ¶ 11.

Plaintiff asserts violations of his own constitutional rights pursuant to 42 U.S.C. § 1983. *See* Compl. ¶¶ 12-15. He sues the Board; Ron Joseph, former Executive Director of the Medical Board of California, individually and in his official capacity; Kimberly Kirchmeyer, current Executive Director of the Medical Board of California, individually and in her official capacity; and ALJ Astle, individually and in her official capacity. Plaintiff brings four claims for relief: 1) violation of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, based upon Astle's "fraud upon the court," denial of a fair trial, and unlawful deprivation of property; 2) violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, based upon the Board's revocation of Plaintiff's medical license; 3) violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, based upon Joseph's negligently hiring of Astle and assigning and/or approving the assignment of Astle to conduct Board disciplinary hearings against Plaintiff; and 4) violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, based upon Kirchmeyer's formulation of or assistance with formulating policies that permit the Board to "continue its acquiesce[nce] in the continuing violation" of Plaintiff's constitutional rights that resulted in the 2003 revocation of his medical license. *See* Compl. ¶¶ 65-

68.  Plaintiff asserts that he does not seek to vacate the Board's decision to revoke his license. Compl. at ¶ 17.

**B.  Analysis**

Section 1983 does not contain its own limitations period.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004).  The appropriate period is that of the forum state's statute of limitations for personal injury torts.  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  In the event the state has "multiple statutes of limitations, 'courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.'"  *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (quoting *Owens v. Okure*, 488 U.S. 235, 250 (1989)).  In California, effective January 1, 2003, the general residual statute of limitations for personal injury actions is the two-year period set forth in California Civil Procedure Code section 335.1 and is the applicable statute in Section 1983 actions.  *See Maldonado*, 370 F.3d 945, 954-55.  A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id*. at 955 (quotation omitted).

Here, Plaintiff's claims are clearly time-barred.  Plaintiff filed his complaint on July 9, 2016, complaining of Astle's actions in 2002 and the Board's 2003 decision to revoke his medical license.  Plaintiff does not allege that he was unaware of Astle's failure to include the exculpatory evidence from his criminal trial in her recommendation; to the contrary, he alleges that his appeals of the Board's revocation of his medical licenses were based upon her "withholding the exculpatory evidence."  *See* Compl. ¶ 37.  Therefore, any claims based on those actions are long expired under the two-year statute of limitations.  Plaintiff's claims one through four, all of which are based upon Astle's actions and the Board's revocation of his license, are untimely and should be dismissed with prejudice on that basis.

Plaintiff makes vague and contradictory allegations regarding a "fraud upon the court."  On the one hand, he does not seek to vacate the Board's decision to revoke his license due to a fraud upon the court.  *See* Compl. at ¶ 17.  However, elsewhere in his complaint, Plaintiff appears to take a different position, describing "the question to be decided" in his case as "whether by effectively excluding the expert testimony and omitting all of his other exculpatory evidence, ALJ

United States District Court
Northern District of California

1   Astle gave him a fair hearing." *Id*. at ¶ 49.  He also alleges that "[t]here is no statute of limitations

2   for asserting Fraud upon the Court." *Id*. at ¶ 16.  Therefore, liberally construing the complaint in

3   light of Plaintiff's *pro se* status, Plaintiff appears to assert that Astle's recommendation that his

4   license be revoked constituted a "fraud upon the court." *See* Compl. ¶ 65b.  Federal Rule of Civil

5   Procedure 60(d) permits a court to "entertain an independent action to relieve a party from a

6   judgment, order, or proceeding" and to "set aside a judgment for fraud on the court." Fed. R. Civ.

7   P. 60(d)(1), (3).

8          To the extent Plaintiff pleads such a claim, he essentially challenges the Board's

9   acceptance of Astle's recommendation that his license be revoked.  The Board's decision was

10   subsequently affirmed on appeal. *See Dye v. Superior Court*, No. A114307, 2006 WL 2006337, at

11   *1 (Cal. Ct. App. July 19, 2006) (dismissing appeal of judgment denying Plaintiff's petition for

12   writ of administrative mandamus seeking to vacate an order revoking his medical license)[1].  His

13   "fraud upon the court" claim is therefore barred under the *Rooker–Feldman* doctrine, which bars

14   federal district courts from exercising appellate jurisdiction over state court judgments. *See Exxon*

15   *Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (recognizing that the *Rooker–*

16   *Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by

17   state-court judgments rendered before the district court proceedings commenced and inviting

18   district court review and rejection of those judgments"). *Rooker–Feldman*'s bar applies even

19   when a challenge to a state court decision implicates federally protected rights. *Johnson v. De*

20   *Grandy,* 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking

21   what in substance would be appellate review of the state judgment in a United States district court

22   based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

23   The court therefore recommends that the district court dismiss any claim for fraud upon the court

24   for lack of subject matter jurisdiction.

25

26   _____

27   [1] The court in *Dye* describes the trial court's judgment as follows: "The judgment incorporates a
     statement of decision and sets forth express findings that the Medical Board proceeded in a
     manner prescribed by law, that Dye was afforded a fair trial, that the Board's decision was

28   supported by its findings and that its findings were supported by evidence in the administrative
     record."  2006 WL 2006337, at *1.

## II.  CONCLUSION

For the foregoing reasons, the court recommends that Plaintiff's IFP application be granted and Plaintiff's complaint be dismissed with prejudice.  The Clerk is directed to reassign this case to a district judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED**.

Dated: September 1, 2016



DONNA M. RYU
United States Magistrate Judge