United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10

RICHARD B. DYE,

      Plaintiff,

    vs.

MEDICAL BOARD OF CALIFORNIA, *et al.*,

      Defendants.

Case No.: 16-cv-03942 YGR

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DISMISSING CASE WITH PREJUDICE**

11
12
13
14
15
16

     The Court has reviewed Magistrate Judge Ryu's Report and Recommendation recommending dismissal of this action *sua sponte* under 28 U.S.C. section 1915(e)(2)(B). (Dkt. No. 11.) More particularly, the Report concludes plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff objected to the Report. (Dkt. No. 15.) For the reasons set forth in Judge Ryu's Report, and for the reasons highlighted below, plaintiff's objections are without merit.

17
18
19
20
21
22

     Plaintiff raised a series of objections attacking Judge Ryu's authority to issue her Report after plaintiff declined magistrate jurisdiction over the case. These objections are not well-founded. The process used for this case was routine. Plaintiff's declination to proceed before a magistrate judge did not divest Judge Ryu of her statutory authority to issue a Report subject to the Court's review. *See* 28 U.S.C. § 636(b)(1). The Court conducted its own independent analysis of the deficiencies in the complaint and accepts the recommendations of Judge Ryu based thereon.

23
24
25
26
27
28

     Plaintiff also argues his claims are not time-barred as the two-year statute of limitations did not accrue until he "serendipitously" discovered exculpatory evidence on July 15, 2014. The alleged exculpatory evidence is a published decision, *Sinaiko v. Superior Ct.*, 122 Cal.App.4th 1133 (2004), in which the California Court of Appeal vacated the decision of Administrative Law Judge ("ALJ") Astle – the same ALJ who recommended revocation of plaintiff's medical license – concluding that the administrative proceedings there were unfair as a matter of law. According to plaintiff, the

United States District Court

Northern District of California

1    *Sinaiko* decision evidences a pattern of misbehavior by ALJ Astle of which he was previously

2    unaware. Plaintiff's argument that his claim did not accrue until he discovered the *Sinaiko* decision

3    fails as a matter of law. Plaintiff is correct that a federal civil rights claim "accrues when the plaintiff

4    knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d

5    1009, 1013 (9th Cir. 2013). However, plaintiff had reason to know of the *Sinaiko* decision when it

6    was published in 2004 – two years prior to his final appeal of ALJ Astle's opinion recommending

7    revocation. This is not an instance where plaintiff was left without access to the decision absent

8    disclosure from the opposing party. That plaintiff did not find the *Sinaiko* decision until 2014 is of no

9    moment when he "ha[d] reason to know" of it an entire decade before in 2004. *Id*. Moreover, the

10    Court is not persuaded that plaintiff alleged discovery of a new constitutional injury in July 2014 such

11    that a new claim plausibly accrued at that time.

12       In sum, Judge Ryu's Report is correct, well-reasoned and thorough, and the Court adopts it in

13    every respect. Accordingly, for the reasons set forth in the Report and discussed herein, the above-

14    captioned action is **DISMISSED WITH PREJUDICE.** Having reviewed plaintiff's objections to the

15    Report, the Court is persuaded that amendment of the complaint would be futile. Plaintiff's claims

16    are plainly barred by the *Rooker-Feldman* doctrine as the crux of his complaint is an attack on a state

17    court judgment affirming the Medical Board decision to revoke his license. The statute of limitations

18    provides equally independent grounds to find amendment would be futile.

19       This Order terminates Case Number 16-cv-3942.

20       **IT IS SO ORDERED.**

21    Date: September 28, 2016

22

23

24             **YVONNE GONZALEZ ROGERS**

25             **UNITED STATES DISTRICT COURT JUDGE**

26

27

28