# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD BERRY DYE,** Plaintiff, vs. **MEDICAL BOARD OF CALIFORNIA, ET AL.,** Defendants. | CASE NO. 16-cv-03942-YGR  **ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** Re: Dkt. No. 31 |

On September 28, 2016, the Court dismissed with prejudice plaintiff's case pursuant to Section 1915 for failure to state a claim. (Dkt. No. 16, ("Dismissal Order").) Leave to amend was not granted. (*See* Dkt. No. 25.) Now before the Court is *pro se* plaintiff Dye's motion for leave to file an amended complaint. (Dkt. No. 31, ("Motion").) Allegations of *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 92 S.Ct. 594, 596 (1972) (citation omitted). "Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts . . . ." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (citations omitted).

As noted by the Court in its September 28, 2016 Order, "[p]laintiff's claims are plainly barred by the *Rooker-Feldman* doctrine as the crux of his complaint is an attack on a state court judgment affirming the Medical Board decision to revoke his license." (Dismissal Order at 2; *see also* Dkt. No. 11, ("Report and Recommendation") at 5.) Additionally, as noted the Court noted, "[t]he statute of limitations provides equally independent grounds to find amendment would be futile." (*Id.*; *see also* Report and Recommendation at 4.) For these reasons, the Court **DENIES** plaintiff's motion for leave to file an amended complaint as futile.

This Order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated: August 14, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**