# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD BERRY DYE,**<br>Plaintiff**,**<br>vs.<br>**MEDICAL BOARD OF CALIFORNIA, ET AL.,**<br>Defendants**.** | CASE NO. 16-cv-03942-YGR<br><br>**ORDER DENYING MOTION TO VACATE COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

On September 28, 2016, the Court dismissed with prejudice plaintiff's case pursuant to Section 1915 for failure to state a claim. (Dkt. No. 16, ("Dismissal Order").) Leave to amend was not granted. (*See* Dkt. No. 25.) On August 14, 2018, the Court denied plaintiff's motion for leave to file a first amended complaint. (*See* Dkt. No. 32 ("Amend Order").) Now before the Court is *pro se* plaintiff Dye's motion to vacate the Court's order denying leave to amend and "re-open plaintiff's case." (Dkt. No. 33, ("Motion").)

The Court denied plaintiff's motion for leave to amend based on the fact that "[p]laintiff's claims are plainly barred by the *Rooker-Feldman* doctrine as the crux of his complaint is an attack on a state court judgment affirming the Medical Board decision to revoke his license." (Amend Order at 1; *see also* Dismissal Order at 2.) Additionally, as noted the Court noted, "[t]he statute of limitations provides equally independent grounds to find amendment would be futile." (*Id*.)

In the instant motion, plaintiff argues that his claims are not barred by *Rooker-Feldman* because they are not an attack on the state court judgment, but instead "specifically and exclusively attack[] the Board's own flawed administrative hearing itself [.]" (Motion at 3.) Although plaintiff is correct that he has named as a defendant the state medical board, and not the state court that affirmed the board's decision, his complaint, by virtue of attacking the board's

decision, invites this "district court [to] review and reject" a state court's judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Id.*

Plaintiff further contends that because "California personal injury torts statutes of limitations accrue only 'after occurrence of the last element essential to the cause of action[,]'" he has raised "arguable questions of law under the Delayed Discovery Rule and the Relation Back Doctrine" and his claims are not time-barred. (Motion at 4.) Although plaintiff does not articulate the basis for this assertion, the Court assumes that plaintiff refers to his contention in prior filings that the two-year statute of limitations did not accrue until he "serendipitously" discovered exculpatory evidence on July 15, 2014 in the form of published decision *Sinaiko v. Superior Ct.*, 122 Cal.App.4th 1133 (2004). As the Court has previously noted "[p]laintiff's argument that his claim did not accrue until he discovered the *Sinaiko* decision fails as a matter of law." (Dismissal Order at 2.) A federal civil rights claim "accrues when the plaintiff knows or has reason to know of the injury which is the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2013). Here, plaintiff had reason to know of the *Sinaiko* decision when it was published, in 2004, two years prior to his final appeal of the Administrative Law Judge's opinion. As the Court previously noted, "[t]his is not an instance where plaintiff was left without access to the decision absent disclosure from the opposing party." (Dismissal order at 2.)

For these reasons, the Court **DENIES** plaintiff's motion to vacate its August 14, 2018 order denying plaintiff's motion for leave to file a first amended complaint.

This Order terminates Docket Number 33. The Clerk of the Court shall not accept further filings in this matter as it is closed.

**IT IS SO ORDERED.**

Dated: August 29, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**